Arnold B. Calmann
Jeffrey Soos
Katherine A. Escanlar
**SAIBER SCHLESINGER SATZ & GOLDSTEIN, LLC**
One Gateway Center
Newark, New Jersey 07102
(973) 622-3333

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Amy D. Brody
Alice L. Riechers
Neil A. Benchell
**RAKOCZY MOLINO MAZZOCHI SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, IL 60610
(312) 222-6301

Attorneys for Defendants
Lupin Ltd. and Lupin Pharmaceuticals Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEPRACOR INC. and UNIVERSITY OF MASSACHUSETTS, | Civil Action No.: 07-05265 (JAP)(TJB) |
| Plaintiffs, | **ANSWER, DEFENSES, AND COUNTERCLAIMS** |
| v. | |
| LUPIN LIMITED and LUPIN PHARMACEUTICALS, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | *Document Filed Electronically* |

Defendants Lupin Limited ("Lupin Ltd.) and Lupin Pharmaceuticals, Inc. ("Lupin Pharms") (collectively, "Lupin") hereby answer the Complaint of Plaintiffs Sepracor Inc. ("Sepracor") and University of Massachusetts ("UMass") as follows:

## As to Alleged Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 100 *et seq.*, arising from Defendants' filing of an Abbreviated New Drug Application ("ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market a generic version of the patented Clarinex® drug products prior to the expiration of United States Patent No. 7,214,683 ("the '683 patent") and United States Patent No. 7,214,684 ("the '684 patent"), which are owned by Sepracor and UMass.

**ANSWER:**   Paragraph 1 contains legal conclusions to which no response is required.

To the extent a response is required, Lupin admits that this action purports to be for alleged

patent infringement; that Lupin Ltd. has submitted an ANDA to FDA for Desloratadine Tablets,

5 mg; that Lupin Ltd. ANDA seeks FDA approval to engage in the commercial manufacture, use

or sale of Desloratadine Tablets, 5 mg before the expiration of the '683 and '684 patents.  Lupin

denies the remaining allegations of this paragraph, except to aver that the cover page of the '683

and '684 patents both identify "Sepracor Inc." as the assignee.

## As to Alleged Parties

2.      Plaintiff Sepracor is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

**ANSWER:**   Lupin is without knowledge and information sufficient to form a belief as

to the truth of the allegations of this paragraph, and therefore denies the same.

3.      Plaintiff UMass is a public institution of higher education of the Commonwealth of Massachusetts, having a place of business at 55 Lake Avenue North, Worcester, Massachusetts 01655.

**ANSWER:**   Lupin is without knowledge and information sufficient to form a belief as

to the truth of the allegations of this paragraph, and therefore denies the same.

4.      Upon information and belief, Lupin Limited. ("Lupin Ltd.") is an Indian corporation having a place of business at 159 CST Road, Kalina, Santacruz (E), Mumbai 400098, India.

**ANSWER:**    Admitted.

5.    Upon information and belief, Lupin Pharmaceuticals, Inc. ("Lupin Pharmaceuticals") is a corporation organized under the laws of the state of Virginia, having a place of business at Harborplace Tower, 111 South Calvert Street, Baltimore, Maryland 21202, and maintaining a registered agent in New Jersey.

**ANSWER:**    Admitted.

6.    Lupin Ltd. and Lupin Pharmaceuticals are hereinafter collectively referred to as "Lupin."

**ANSWER:**    Admitted.

### As to Alleged Jurisdiction and Venue

7.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:**    Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Lupin admits that this Court has subject matter jurisdiction for the claims asserted against Lupin Ltd. only.  Lupin denies the remaining allegations of this paragraph.

8.    Upon information and belief, Lupin Ltd. and Lupin Pharmaceuticals, directly or through related companies, conduct business in New Jersey, have availed themselves of the rights and benefits of New Jersey law, have engaged in continuous and systematic contacts with New Jersey, and Lupin Pharmaceuticals maintains a registered agent in New Jersey.

**ANSWER:**    Paragraph 8 contains legal conclusions to which no response is required. To the extent an answer is required, to conserve the resources of the parties and the Court, Lupin does not contest personal jurisdiction for purposes of this action only.  Lupin denies the remaining allegations of this paragraph.

9.    Upon information and belief, the acts of Lupin Ltd. complained of herein were aided and abetted by and done with the cooperation, participation, and assistance of Lupin Laboratories.

**ANSWER:**    Denied.

10.    Upon information and belief, Lupin has submitted to the jurisdiction of the United States District Court for the District of New Jersey. This Court has personal jurisdiction over Lupin by virtue of, *inter alia*, the above-mentioned facts.

**ANSWER:**    Paragraph 10 contains legal conclusions to which no response is required. To the extent an answer is required, to conserve the resources of the parties and the Court, Lupin does not contest personal jurisdiction for purposes of this action only. Lupin denies the remaining allegations of this paragraph.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:**    Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, to conserve the resources of the parties and the Court, Lupin does not contest venue for purposes of this action only. Lupin denies the remainder of the allegations in this paragraph.

### As to Alleged Patents In Suit and the Clarinex® Drug Products

12.    On May 8, 2007, the '683 patent, entitled "Compositions of Descarboethoxyloratadine," was duly and legally issued. Sepracor and UMass are assignees of the entire right, title and interest in the '683 patent. A copy of the '683 patent is attached hereto as Exhibit A.

**ANSWER:**    Paragraph 12 contains legal conclusions to which no response is required. To the extent a response is required, Lupin admits that the cover page of the '683 patent identifies "Sepracor Inc." as the assignee; and that what purports to be a copy of the '683 patent is attached to the Complaint as Exhibit A. Lupin denies that the '683 patent was "duly and legally issued." Lupin refers to the '683 patent for the full and complete contents thereof, and denies all remaining allegations of this paragraph.

13.    On May 8, 2007, the '684 patent, entitled "Methods for the Treatment of Allergic Rhinitis," was duly and legally issued. Sepracor and UMass are assignees of the entire right, title and interest in the '684 patent. A copy of the '684 patent is attached hereto as Exhibit B.

**ANSWER:**    Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, Lupin admits that the cover page of the '684 patent identifies "Sepracor Inc." as the assignee; and that what purports to be a copy of the '684 patent is attached to the Complaint as Exhibit B. Lupin denies that the '684 patent was "duly and legally issued." Lupin refers to the '684 patent for the full and complete contents thereof, and denies all remaining allegations of this paragraph.

14.    The '683 and '684 patents are identified in the FDA publication entitled "Approved Drug Products with Therapeutic Equivalence Evaluations" in association with 5 milligram desloratadine tablets, which are sold as a commercial product under the trade name Clarinex®, and those patents cover an approved use of commercial Clarinex®.

**ANSWER:**    Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, Lupin admits that, according to the electronic records of FDA, the '683 and '684 patents are currently listed in FDA's publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (commonly known as the "Orange Book"), in connection with Clarinex® (Desloratadine) Tablets 5 mg. Lupin denies the remaining allegations of this paragraph.

## As to Alleged Acts Giving Rise to this Action

15.    Plaintiff Sepracor received a letter from Defendants, dated September 6, 2007 and on September 10, 2007 ("the Notification Letter"), notifying them that Defendants had filed with the FDA an ANDA (No. 78-352) under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)) to obtain FDA approval to engage in the commercial manufacture, importation, use, offer for sale or sale of generic tablets containing 5 milligrams desloratadine ("Lupin's Proposed Products").

**ANSWER:** Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Lupin admits that Lupin Ltd. has submitted an ANDA to FDA seeking approval to commercially manufacture, use or sell Desloratadine Tablets, 5 mg. Lupin refers to the referenced letter, dated September 6, 2007, for the full and complete contents thereof, and denies any remaining allegations of this paragraph.

16.    Upon information and belief, Defendants intend to engage and will engage in the commercial manufacture, importation, use, offer for sale or sale of Lupin's Proposed Products promptly upon receiving FDA approval to do so.

**ANSWER:**    Lupin admits that Lupin Ltd. filed an ANDA with a paragraph IV certification seeking to obtain FDA approval to engage in the commercial manufacture, use, or sale of Desloratadine Tablets, 5 mg before the expiration of the '683 and '684 patents. Lupin is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

17.    The Notification Letter states that, in Defendants' opinion, the '683 and '684 patents are invalid and that the marketing or selling of Lupin's Proposed Products will not infringe claims of the '683 or '684 patent.

**ANSWER:**    Lupin admits that Lupin Ltd.'s Notification Letter states that in its opinion and to the best of its knowledge, the '683 and '684 patents are invalid, and refers to the referenced letter for the full and complete contents thereof. Lupin denies any remaining allegations of this paragraph.

18.    The Notification Letter does not allege that the '683 and '684 patents are unenforceable.

**ANSWER:**    Denied.

**As to Alleged Count I - Infringement of the '683 Patent by Defendants**

19.    Plaintiffs repeat and reallege the allegations of paragraphs 1-18 as though fully set forth herein.

**ANSWER:**    Lupin repeats its answers to paragraphs 1-18 as though fully set forth herein.

20.    Defendants' submission of its ANDA to obtain approval to engage in the commercial manufacture, importation, use, offer for sale or sale of Lupin's Proposed Products, prior to the expiration of the '683 patent, constitutes infringement of one or more of the claims of the '683 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**    Denied.

21.    Unless enjoined by this Court, upon FDA approval of ANDA No. 78-352, Lupin will infringe the '683 patent under 35 U.S.C. § 271 by making, using, importing, offering to sell, or selling Lupin's Proposed Products in the United States.

**ANSWER:**    Denied.

22.    Defendants had notice of the '683 patent prior to undertaking their acts of infringement.  Defendants' certification to the FDA that its proposed product will not infringe and/or that the '683 patent is invalid or unenforceable lacked a good faith basis.  Defendants' filing of its ANDA constitutes a wholly unjustified infringement of the '683 patent, and makes this action exceptional under 35 U.S.C. § 285.

**ANSWER:**    Lupin admits that Lupin Ltd. was aware of the '683 patent prior to filing

its paragraph IV certification.  Lupin denies all remaining allegations of this paragraph.

23.    Plaintiffs will be substantially harmed if Lupin's infringement of the '683 patent is not enjoined, and Plaintiffs are entitled to equitable relief.

**ANSWER:**    Denied.

### As to Alleged Count II - Infringement of the '684 Patent by Defendants

24.    Plaintiffs repeat and reallege the allegations of paragraphs 1-23 as though fully set forth herein.

**ANSWER:**    Lupin repeats its answers to paragraphs 1-23 as though fully set forth

herein.

25.    Defendants' submission of its ANDA to obtain approval to engage in the commercial manufacture, importation, use, offer for sale or sale of Lupin's Proposed Products, prior to the expiration of the '684 patent, constitutes infringement of one or more of the claims of the '684 patent under 35 U.S.C. § 271(e)(2)(A).

**ANSWER:**    Denied.

26.    Unless enjoined by this Court, upon FDA approval of ANDA No. 78-352, Lupin will infringe the '684 patent under 35 U.S.C. § 271 by making, using, importing, offering to sell, or selling Lupin's Proposed Products in the United States.

**ANSWER:**    Denied.

27.    Defendants had notice of the '684 patent prior to undertaking their acts of infringement.  Defendants' certification to the FDA that its proposed product will not infringe and/or that the '684 patent is invalid or unenforceable lacked a good faith basis.  Defendants'

filing of its ANDA constitutes a wholly unjustified infringement of the '684 patent, and makes this action exceptional under 35 U.S.C. § 285.

**ANSWER:**   Lupin admits that Lupin Ltd. was aware of the '684 patent prior to filing

its paragraph IV certification.  Lupin denies all remaining allegations of this paragraph.

28.   Plaintiffs will be substantially harmed if Lupin's infringement of the '684 patent is not enjoined, and Plaintiffs are entitled to equitable relief.

**ANSWER:**   Denied.

## As to Alleged Prayer for Relief

**WHEREFORE,** Plaintiffs respectfully request the following relief:

A.   A Judgment declaring that Defendants have infringed one or more claims of the '683 patent;

B.   A Judgment declaring that Defendants have infringed one or more claims of the '684 patent;

C.   An Order that the effective date of any FDA approval of Defendants' ANDA No. 78-352 be no earlier than the date on which the '683 patent expires, including any regulatory or patent term extension;

D.   An Order that the effective date of any FDA approval of Defendants' ANDA no. 78-352 be no earlier than the date on which the '684 patent expires, including any regulatory or patent term extension;

E.   Preliminary and permanent injunctions enjoining Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using importing, offering to sell, or selling Lupin's Proposed Products until after the expiration of the '683 patent, including any regulatory or patent term extension;

F.   Preliminary and permanent injunctions enjoining Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, importing, offering to sell, or selling Lupin's Proposed Products until after the expiration of the '684 patent, including any regulatory or patent term extension;

G.   A declaration that the commercial manufacture, use importation into the United States, sale or offering for sale of Lupin's Proposed Products will directly infringe or induce and/or contribute to infringement of the '683 patent;

H.   A declaration that the commercial manufacture, use, importation into the United States, sale or offering for sale of Lupin's Proposed Products will directly infringe or induce and/or contribute to infringement of the '684 patent;

I.    If Defendants engage in the commercial manufacture, use, importation into the United States, offer to sell, or sale of Lupin's Proposed Products prior to the expiration of the '683 patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed based on the willfulness of the infringement, together with interest;

J.    If Defendants engage in the commercial manufacture, use, importation into the United States, offer to sell, or sale of Lupin's Proposed Products prior to the expiration of the '684 patent, a Judgment awarding damages to Plaintiffs resulting from such infringement, increased to treble the amount found or assessed based on the willfulness of the infringement, together with interest;

K.    Attorneys fees in this action based on willful infringement pursuant to 35 U.S.C. § 284 and/or as an exceptional case pursuant to 35 U.S.C. §§ 271 and 285;

L.    Costs and expenses in this action; and

M.    Such further and other relief as this Court may deem just and proper.

**ANSWER:**    Lupin denies that Plaintiffs are entitled to any of the relief prayed for in paragraphs (A) through (M), above, or to any relief whatsoever, and further requests that judgment be entered in favor of Lupin, dismissing Plaintiffs' complaint with prejudice, awarding Lupin attorneys' fees and costs incurred defending this action under 35 U.S.C. § 285, and granting such further relief as this Court may deem just and proper.

Lupin denies each allegation not specifically admitted or otherwise responded to herein.

## SEPARATE DEFENSES

Without prejudice to the denials set forth in its Answer, without admitting any averments of the Complaint not otherwise admitted, and without undertaking any of the burdens imposed by law on the Plaintiffs, Defendants (collectively "Lupin"), aver and assert the following defenses to the Complaint:

### First Defense

The claims of the '683 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

## Second Defense

The manufacture, sale, use, offer for sale, or importation of Lupin Ltd.'s proposed desloratadine product, that is the subject of its ANDA, would not infringe, either directly or indirectly, any valid and enforceable claim of the '683 patent, either literally or under the doctrine of equivalents.

## Third Defense

The claims of the '684 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

## Fourth Defense

The manufacture, sale, use, offer for sale, or importation of Lupin Ltd.'s proposed desloratadine product, that is the subject of its ANDA, would not infringe, either directly or indirectly, any valid and enforceable claim of the '684 patent, either literally or under the doctrine of equivalents.

## Fifth Defense

Lupin Pharmaceuticals, Inc. is not a proper defendant under 35 U.S.C. § 271(e)(2)(A).

## Sixth Defense

The Court lacks subject matter jurisdiction over any and all claims asserted against Lupin Pharmaceuticals, Inc.

## Seventh Defense

The Complaint fails to state a claim upon which relief can be granted.

## Eighth Defense

The Complaint fails to state a claim for willful infringement.

## Ninth Defense

Any additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Defendants/Counterclaim-Plaintiffs, Lupin Limited ("Lupin Ltd.) and Lupin Pharmaceuticals, Inc. ("Lupin Pharms") (collectively "Lupin"), for their Counterclaims against Plaintiff/Counterclaim-Defendants Sepracor Inc. ("Sepracor") and University of Massachusetts ("UMass") (collectively, "Plaintiffs"), allege as follows:

### The Parties

1.      Lupin Ltd. is an Indian corporation having a place of business at 159 CST Road, Kalina, Santacruz (E), Mumbai 400098, India.

2.      Lupin Pharms is a corporation organized under the laws of the State of Virginia, having an office and place of business at Harborplace Tower, 111 South Calvert Street, Baltimore, Maryland 21202.

3.      Sepracor purports to be a corporation organized and existing under the laws of the State of Delaware, having a place of business at 84 Waterford Drive, Marlborough, Massachusetts 01752.

4.      UMass purports to be a public institution of higher education of the Commonwealth of Massachusetts, having a place of business at 55 lake Avenue north, Worcester, Massachusetts 01655.

### Jurisdiction and Venue

5.      These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6.     This Court has original jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331 and 1338(a).

7.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs have availed themselves of the rights and privileges, and subjected themselves to the jurisdiction, of this forum by suing Lupin in this District, and/or because Plaintiffs conduct substantial business in this District.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b).

**Patents-in-Suit**

9.     On or about May 8, 2007, the U.S. Patent and Trademark Office ("PTO") issued U.S. Patent No. 7,214,683 B1 ("the '683 patent"), entitled "Compositions of Descarboethoxyloratadine," to A.K. Gunnar Aberg, John R. McCullough, and Emil R. Smith.

10.     On or about May 8, 2007, the PTO issued U.S. Patent No. 7,214,684 B2 ("the '684 patent"), entitled "Methods for the Treatment of Allergic Rhinitis," to A.K. Gunnar Aberg, John R. McCullough, and Emil R. Smith.

11.     Plaintiffs purport and claim to own, and to have the right to enforce, the '683 patent and the '684 patent.

12.     On or about November 1, 2007, Plaintiffs sued Lupin in this District alleging infringement of the '683 patent and the '684 patent under 35 U.S.C. § 271(e)(2)(A).

<u>Count I</u>
**(Declaratory Judgment of Non-Infringement of the '683 Patent)**

13.     Lupin re-asserts and re-alleges each of the foregoing paragraphs as if fully set forth herein.

14.     There exists a definite and concrete, real and substantial, justiciable case or controversy between the parties herein, of sufficient immediacy and reality to warrant the

issuance of a declaratory judgment. A declaration of rights between the parties is both appropriate and necessary to establish that Lupin does not infringe any claim of the '683 patent.

       15.    The manufacture, use, sale, offer for sale, or importation of the desloratadine tablets that are the subject of Lupin Ltd.'s ANDA have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '683 patent.

       16.    Lupin is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the desloratadine tablets that are the subject of Lupin Ltd.'s ANDA have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '683 patent.

## Count II
### (Declaratory Judgment of Non-Infringement of the '684 Patent)

       17.    Lupin re-asserts and re-alleges each of the foregoing paragraphs as if fully set forth herein.

       18.    There exists a definite and concrete, real and substantial, justiciable case or controversy between the parties herein, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. A declaration of rights between the parties is both appropriate and necessary to establish that Lupin does not infringe any claim of the '684 patent.

       19.    The manufacture, use, sale, offer for sale, or importation of the desloratadine tablets that are the subject of Lupin Ltd.'s ANDA have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '684 patent.

       20.    Lupin is entitled to a judicial declaration that the manufacture, use, sale, offer for sale, and/or importation of the desloratadine tablets that are the subject of Lupin Ltd.'s

ANDA have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '684 patent.

## Count III
### (Declaratory Judgment of Invalidity of the '683 Patent)

21.    Lupin re-asserts and re-alleges each of the foregoing paragraphs as if fully set forth herein.

22.    There exists a definite and concrete, real and substantial, justiciable case or controversy between the parties herein, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A declaration of rights between the parties is both appropriate and necessary regarding the invalidity of the '683 patent.

23.    The claims of the '683 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

24.    Lupin is entitled to a judicial declaration that the claims of the '683 patent are invalid.

## Count IV
### (Declaratory Judgment of Invalidity of the '684 Patent)

25.    Lupin re-asserts and re-alleges each of the foregoing paragraphs as if fully set forth herein.

26.    There exists a definite and concrete, real and substantial, justiciable case or controversy between the parties herein, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  A declaration of rights between the parties is both appropriate and necessary regarding the invalidity of the '684 patent.

27.    The claims of the '684 patent are invalid for failure to comply with one or more of the conditions for patentability set forth in Title 35 of the United States Patent Code.

28.   Lupin is entitled to a judicial declaration that the claims of the '684 patent are invalid.

### Prayer for Relief

WHEREFORE, Lupin respectfully prays for judgment in its favor and against Plaintiffs:

(a)   Declaring that the manufacture, use, sale, offer for sale, or importation of the desloratadine tablets that are the subject of Lupin Ltd.'s ANDA No. 78-352 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '683 patent;

(b)   Declaring that the manufacture, use, sale, offer for sale, or importation of the desloratadine tablets that are the subject of Lupin Ltd.'s ANDA No. 78-352 have not infringed, do not infringe, and would not, if marketed, infringe any valid and/or enforceable claim of the '684 patent;

(c)   Declaring that the claims of the '683 patent are invalid;

(d)   Declaring that the claims of the '684 patent are invalid;

(e)   Ordering that Plaintiffs' Complaint be dismissed with prejudice and judgment entered in favor of Lupin;

(f)   Declaring this case exceptional and awarding Lupin its reasonable attorneys' fees and costs of these Counterclaims under 35 U.S.C. § 285; and

(g)   Awarding Lupin such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Lupin hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**SAIBER SCHLESINGER SATZ
& GOLDSTEIN, LLC**
Attorneys for Defendants
Lupin Ltd. and Lupin Pharmaceuticals Inc.

s/ Arnold B. Calmann
_____
Arnold B. Calmann
Jeffrey Soos
Katherine A. Escanlar
One Gateway Center
Newark, New Jersey  07102
(973) 622-3333

William A. Rakoczy
Paul J. Molino
Deanne M. Mazzochi
Amy D. Brody
Alice L. Riechers
Neil A. Benchell
**RAKOCZY MOLINO MAZZOCHI
SIWIK LLP**
6 West Hubbard Street, Suite 500
Chicago, IL  60610
(312) 222-6301

Dated: December 21, 2007

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

**I HEREBY CERTIFY** that the matter in controversy is related to another case involving defendants Lupin Limited and Lupin Pharmaceuticals, Inc. herein, namely Schering Corporation v. Zydus Pharmaceuticals, USA, Inc., et al., 06-4715 (MLC)(TJB); In re Desloratadine Patent Litigation MDL1851, 07-3930 (MLC)(TJB), and several other matters involving plaintiffs herein and other defendants, such as 07-5017 (JAP)(TJB) and 07-5136 (JAP)(JJH).

_s/ Arnold B. Calmann_
Arnold B. Calmann

Dated: December 21, 2007

## CERTIFICATION PURSUANT TO L. CIV. R. 201.1

Pursuant to L. Civ. R. 201.1, the undersigned counsel for Lupin hereby certifies that Lupin's causes of action as asserted in its counterclaims seek primarily declaratory judgment relief. This action is, therefore, not appropriate for compulsory arbitration.

_s/ Arnold B. Calmann_
Arnold B. Calmann

Dated: December 21, 2007

{00509245.DOC}